UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ECCLESIASTES M.D. MATTHEWS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:06-CV-925 (CEJ) |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on objections from both petitioner and respondent to the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On July 28, 2009, the magistrate judge issued a Report and Recommendation, recommending that a writ of habeas corpus be issued as to petitioner's claim that appellate counsel was ineffective for failing to raise the change of venue issue on appeal. The magistrate judge found that the remainder of petitioner's claims were without merit. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objections were made.

I. **Background**

On January 3, 2002, a jury convicted petitioner of two felony counts of delivery of a controlled substance. The charges arose out of two purchases of crack cocaine from petitioner, each time by a confidential informant working with the police. Both purchases were recorded and monitored by law enforcement. At trial, nine witnesses testified for the State, including the two confidential informants. Petitioner, against his counsel's advice, testified on his own behalf and denied that he had sold cocaine to

either informant. The State's evidence at trial was summarized by the appellate court as follows:

> The evidence adduced at trial revealed that on December 9, 1999, special agents with the Missouri Northeast Narcotics Task Force were working with a confidential informant, Craig Haley ("Haley"). The officers took Haley to Fitz's Lounge in Hannibal, searched him for contraband, supplied him with a body wire, and gave him some "buy money".
>
> Haley entered Fitz's and approached [petitioner]. He asked [petitioner] whether he had "anything," referring to crack-cocaine. The two men went into the bathroom, and [petitioner] told Haley that he had a $40 and $50 piece. Haley asked for the $50 piece and [petitioner] gave it to Haley in exchange for $50. Haley then left the building and brought the police officers the package he purchased, which contained cocaine.
>
> On May 23, 2000, another confidential informant, Dennis Thomas ("Thomas"), contacted the task force and led officers to Fitz's. After being searched, body wired and given "buy money," Thomas entered Fitz's to purchase crack-cocaine from [petitioner]. There he met [petitioner] who told him that he did not have any. As Thomas left Fitz's, [petitioner] and another man, Karnell Fitzpatrick ("Fitzpatrick"), walked out of the bar, and Fitzpatrick told Thomas that he "had some". About this time, a police officer drove by Fitz's and observed the three men together. Fitzpatrick became frightened and went back inside Fitz's.
>
> Thomas approached [petitioner] and asked for a gram of cocaine. [Petitioner] responded that it would take him thirty minutes to find some, and that it would cost $110. Thomas left and returned to Fitz's to meet [petitioner]. [Petitioner] asked if he had the money, and then took a baggie out of his mouth and placed it on a speaker. Thomas picked up the baggie that contained cocaine, and gave the money to [petitioner].

Although the controlled buys were recorded by law enforcement, the tapes were not played for the jury or offered into evidence by either the prosecution or the defense.[1] In his closing argument, defense counsel emphasized the criminal histories of the informants and their motivations to lie. He also emphasized the fact that the prosecution did not play the tape recordings of the two controlled buys. In response,

---

[1] Counsel for petitioner told the court that he had decided not to play the tapes of the drug buy, against the wishes of his client. A police officer testified that the sound quality of the Haley tape recording was not as good as the original transmission.

the prosecution recounted the testimony that the Haley tape recording was of poor quality, and noted that petitioner could have also introduced the tapes into evidence had he believed they would have assisted his defense.

Petitioner was sentenced to two consecutive terms of twenty-five years' imprisonment. Petitioner appealed on three grounds: (1) the trial court erred in sustaining the prosecution's objection to petitioner's cross-examination of informant Haley regarding the disposition of criminal charges against him; (2) the trial court erred in limiting his cross-examination of informant Thomas regarding his alleged bias against him; and (3) the trial court erred in having a personal conversation with one of the prosecution witnesses, involving his service in the military, in front of the jury. On March 11, 2003, the Missouri Court of Appeals affirmed petitioner's convictions and sentences.

Petitioner then filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. His motion was denied without an evidentiary hearing. Plaintiff appealed the denial on four grounds: (1) trial and appellate counsel were ineffective for not objecting to at trial and not raising on appeal the trial court's failure to properly grant petitioner's motion for a change of venue under Rule 32.03[2]; (2) trial counsel was ineffective for failing to present evidence of possible alternative sources of the crack cocaine allegedly sold to informant Haley by petitioner; (3) trial counsel was ineffective for failing to challenge the jury selection process prior to trial; (4) trial counsel was ineffective for failing to play the surveillance tape recordings of the

---

[2]Missouri Supreme Court Rule 32.03 provides, in part, that a change of venue must be granted if requested where a defendant is brought to trial in a county having seventy-five thousand or fewer inhabitants. Upon a motion for a change of venue, the court must move venue to a different county or secure a jury from a different county. The trial court granted petitioner's change of venue motion, but only moved the trial to a different district within the same county. Trial counsel did not object following transfer and appellate counsel did not raise the issue on direct appeal.

controlled buys. The Missouri Court of Appeals found that, with respect to petitioner's change of venue claim, the trial court erred in denying petitioner's motion for post-conviction relief without an evidentiary hearing. The appellate court found that "the transfer of Petitioner's case from Marion County Circuit Court, District 2 at Hannibal to Marion County Circuit Court, District 1 at Palmyra, does not constitute a change of venue as required by Rule 32.03." Matthews v. State, 2005 WL 464954 at *2 (Mo. App. E.D. 2005). The appellate court further found that the failure of trial counsel to object to the error waived petitioner's right to a change of venue under the rule, but noted that the issue then became whether trial counsel was ineffective for failing to object, or whether appellate counsel was ineffective for failing to assert the claim on appeal for plain error review. The court found that an evidentiary hearing was necessary to resolve these issues. The court also found that an evidentiary hearing was necessary to resolve petitioner's claim that trial counsel was ineffective for failing to introduce the recordings of the controlled buys into evidence.

The State sought, and was granted, a transfer to the Missouri Supreme Court on the two issues reversed by the Missouri Court of Appeals. The Missouri Supreme Court reversed the decision of the Court of Appeals and affirmed the denial of petitioner's motion for post-conviction relief. As to petitioner's change of venue argument, the court agreed that the transfer to a different district within the same county violated Rule 32.03. See Matthews v. State, 175 S.W.3d 110, 113-14 (Mo. banc 2005). However, noting that Rule 32.03 is a rule of convenience that does not create a presumption that a criminal defendant would be unable to have a fair trial without a change of venue, the court found that petitioner had not shown that he was prejudiced by counsel's deficient performance. Id. at 114. Thus, because the issue

was asserted in the context of an ineffective assistance of counsel claim, the court found that plaintiff could not succeed.

Finally, the Missouri Supreme Court found that trial counsel's decision not to play the surveillance recordings for the jury did not constitute ineffective assistance of counsel. The court noted that the tapes could have bolstered the prosecution witnesses' testimony and "emphasized matters that would have been detrimental to [petitioner]." Id. at 115. The court found that the decision to not play the tapes was proper trial strategy. Id.

In the present § 2254 motion, petitioner asserts the following grounds for relief:

(1)  The trial court erred in sustaining the objection to petitioner's cross-examination of informant Haley regarding the criminal charges against him.

(2)  The trial court erred in limiting petitioner's cross-examination of informant Thomas regarding his alleged bias against petitioner.

(3)  The trial court erred in having a personal conversation with one of the State's witnesses in front of the jury.

(4)  Trial counsel was ineffective for failing to raise and preserve for appellate review a Batson challenge against the peremptory strike of a female juror.

(5)  Trial counsel was ineffective in failing to play the surveillance recordings of the controlled buys.

(6)  Trial and/or appellate counsel were ineffective in the following ways:

   (a)  Appellate counsel was ineffective for not presenting for plain error review the argument that petitioner was denied his right to an automatic change of venue pursuant to Rule 32.03. Alternatively, petitioner contends that trial counsel was ineffective for failing to object, and preserve the issue for appellate review.

   (b)  Trial counsel was ineffective for failing to present evidence of possible alternative sources of the crack cocaine allegedly sold by petitioner to the informants.

   (c)  Trial counsel was ineffective for failing to object to the jury selection practice of only selecting potential jurors from the district where the case is to be tried.

(7)  The trial court denied petitioner due process and his right to a fair trial when he was denied a proper change of venue.

The first three grounds were raised and rejected in the direct appeal proceedings.

Judge Mummert concluded that petitioner was entitled to habeas relief on the claim that appellate counsel was ineffective by failing to raise the change of venue issue on direct appeal. Respondent objects to this finding. Judge Mummert also recommended that the remainder of petitioner's claims be denied. Petitioner generally objects to all of these recommendations, but makes specific objections only to the denial of his first claim.

II.  **Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus cannot be granted unless: (1) the state decision was either contrary to, or involved an unreasonable application of, clearly established federal law; or (2) the state decision was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

A.  **Petitioner's General Objections**

Petitioner specifically objects to the Report and Recommendation with respect to his first ground (cross-examination of Haley) and with respect to the first part of his sixth ground for relief (change of venue).[3] As to all the other grounds for relief, petitioner states only that he "opposes the denial of his petition with regards to all grounds". General objections, such as those presented here, do not ordinarily entitle a petitioner to *de novo* review. See United States v. Fazio, 2006 WL 1307614 at *1 (E.D. Mo. 2006); Peavler v. Denney, 2008 WL 4378435 at *1-2 (E.D. Mo. 2008).

---

[3]Judge Mummert recommended that petitioner be allowed to file a new appeal as relief for the change of venue claim. Petitioner objects, asserting that he is entitled to a new trial, or alternatively, a "complete discharge from his unlawful restraint."

-6-

Petitioner has failed to state any basis for his objections or identify any specific portion of the Report and Recommendation (other than those pertaining to the change of venue and Haley cross-examination claims) that he believes to be erroneous. More is required in order to trigger this Court's *de novo* review.

Further, the Court has reviewed the Report and Recommendation as to the claims which petitioner failed to make a specific objection (claims # 2, 3, 4, 5, 6(b), 6(c), and 7) and agrees with the magistrate judge's well reasoned recommendations to deny relief on each of those claims. Petitioner's remaining two claims, for which petitioner made a specific objection, are addressed separately below.

### B. Cross Examination of Informant Haley

Petitioner's first claim is that the trial court erred in sustaining an objection to petitioner's cross examination of Craig Haley. Mr. Haley was the first informant who testified that he purchased cocaine from petitioner. The Missouri Court of Appeals found that this claim was procedurally barred because it was not raised in petitioner's motion for a new trial. Pursuant to Missouri Supreme Court 29.11(d), "allegations of error to be preserved for appellate review must be included in a motion for new trial." State v. Sullivan, 1 S.W.3d 572, 578 (Mo. App. E.D. 1999).

Because an independent and adequate state procedural rule bars bringing this claim, petitioner can succeed only if he can establish cause for, and actual prejudice from, his default, or show actual innocence. See Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004). The Court agrees with the Magistrate Judge that petitioner has failed to make such a showing. Petitioner's objections to the Report and Recommendation on this claim are overruled.

### C. Ineffective Assistance of Counsel: Change of Venue Issue

Respondent objects to the Magistrate Judge's proposed finding that appellate counsel was ineffective for failing to raise the change of venue issue on direct appeal.

### 1. The Missouri Supreme Court's Decision

The Missouri Supreme Court agreed with petitioner that "transfer to a different district within the same county does not satisfy Rule 32.03." Matthews, 175 S.W.3d at 114. However, the court found that the failure to grant petitioner a proper change of venue under Rule 32.03 was not dispositive of the case. The court noted that the change of venue issue was being presented in the context of an ineffective assistance of counsel claim, which required that petitioner show that he was prejudiced by counsel's error. Id. The court determined that petitioner did not establish prejudice as required under Strickland v. Washington, 466 U.S. 668 (1984). The court noted:

> [Petitioner] did not plead that the failure to transfer the case to another county, rather than another district within the same county, resulted in any *actual prejudice*. He did not plead that anyone on the jury knew him, that any juror had heard anything about the case prior to trial, or that any juror was biased against him based on his race, gender, ethnicity, or any other trait.

Matthews, 175 S.W.3d at 114 (emphasis in original).

The court noted that a violation of Rule 32.03 does not, in and of itself, establish prejudice. Id. Citing its own precedent, the court recognized that "Rule 32.03 does not create any presumption that a defendant cannot receive a fair trial in counties having seventy-five thousand or fewer inhabitants." Id. (citing Moss v. State, 10 S.W.3d 508, 513 (Mo banc. 2000)). Instead, the court referred to Rule 32.03 as a rule of convenience. Id. "Because [petitioner] did not plead any indication of actual prejudice stemming from his counsel's failure to object to the improper change of venue", the Court found that he was not entitled to relief. Id.

### 2. The Report and Recommendation

The magistrate judge found that a favorable resolution of petitioner's ineffective assistance of appellate counsel claim was compelled by language contained in a footnote in the Missouri Supreme Court's decision, which stated, in part, that "had the issue been raised on direct appeal, the appellate court would have been compelled to enforce the nondiscretionary mandate of Rule 32.03 to have the case transferred to a different county." Matthews, 175 S.W.3d at 114, n.5. The magistrate judge believed that this language meant that the Missouri Supreme Court had found that petitioner had not waived his claim through trial counsel's failure to object to the improper transfer, and that the court had held that the change of venue question was a winnable issue on appeal. Therefore, because an appeal would have been successful had the issue been raised, the magistrate judge recommended that relief be granted on petitioner's ineffective assistance of appellate counsel claim.

The magistrate judge did not find merit in petitioner's alternative claim of ineffective assistance of trial counsel. The magistrate judge agreed with the Missouri Supreme Court that petitioner had failed to show that he was actually prejudiced by trial counsel's failure to object to the improper transfer. Therefore, the magistrate judge recommended that relief be granted only on petitioner's claim of ineffective assistance of appellate counsel.[4]

### 3. Respondent's Objections

Respondent contends that the footnote language ("footnote 5") in the Missouri Supreme Court opinion was misinterpreted by the magistrate judge. Respondent claims that, had the Missouri Supreme Court intended in footnote 5 to hold that

---

[4] As noted by the magistrate judge, the Missouri Supreme Court did not explicitly discuss petitioner's ineffective assistance of *appellate* counsel claim. Even though the court affirmed the denial of petitioner's claims, the court focused its discussion solely on petitioner's claim of ineffective assistance of *trial* counsel.

-9-

petitioner's appellate claim was a "winnable issue", it would not have affirmed the judgment of the motion court. Further, respondent contends that interpreting the footnote to mean that petitioner had not waived his claim through trial counsel's failure to object would be inconsistent with Missouri precedent. See State v. Bradshaw, 81 S.W.3d 14, 28-30 (Mo. App. W.D. 2002)(finding that the right to an automatic change of venue is a statutory privilege which may be waived by failing to object before proceeding to trial). Respondent claims that the Missouri Supreme Court would not have overruled such precedent in a simple footnote. Instead, respondent argues that "[i]mplicit in the court's discussion in footnote 5 is that the issue must be preserved by trial counsel". Respondent asserts that footnote 5 simply explains the steps necessary to correct an improper change of venue. Respondent explains footnote 5 as follows:

> If a trial court errs in granting a proper venue transfer, defendant must object. However, if the court does not grant a proper venue, after an objection is made, then trial counsel may file an application for an extraordinary writ. If counsel were to file for an extraordinary writ prior to his objection with the trial court, the writ would be dismissed. If counsel chooses not to file an extraordinary writ prior to trial, then he may raise his preserved claim in his direct appeal.

Thus, the two mechanisms discussed in footnote 5 for correcting an improper change of venue (an extraordinary writ and direct appeal) both occur after proper objection has been made at the trial court level. Respondent believes that footnote 5 was simply stating that, had the proper procedure been followed, the court would have been required to enforce the rule due to its mandatory nature, without requiring petitioner to make any showing of prejudice.

### 4. Discussion

To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that he suffered prejudice as a result.

See Strickland v. Washington, 466 U.S. 668, 692 (1984). "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Instead, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Court begins with an examination of Rule 32.03. The rule provides, in part, that, upon a timely filed motion, "a change of venue shall be ordered in any criminal proceeding triable by a jury pending in a county having seventy-five thousand or fewer inhabitants". Rule 32.03(a). The trial court does not have the discretion to deny such a motion. See Moss v. State, 10 S.W.3d 508, 513 (Mo. banc 2000). Indeed, it is reversible error if the trial court fails to properly grant a timely motion for change of venue under Rule 32.03. Id. Because the error is automatically reversible, an appellate court would ordinarily have no option but to enforce the rule, even without employing a harmless error analysis.

However, it is important to note that, by requiring automatic reversal for an error under Rule 32.03, Missouri courts are simply enforcing a nondiscretionary rule and are not presuming that the defendant is necessarily harmed or prejudiced by the error. It is true that, in many cases, errors which are not subject to the harmless error analysis on appeal are often errors from which prejudice can be presumed. See McGurk v. Stenberg, 163 F.3d 470, 475 (8th Cir. 1998)(finding that when counsel's deficient performance causes a structural error[5], reversal is automatic without any

---

[5] The court indicated that such structural errors are rare, and include the failure of counsel to inform a defendant of certain basic rights, "such as the right to trial by jury, to self-representation, or to an appeal as a matter of right." McGurk, 163 F.3d at 475 n.5.

-11-

harmless error analysis, because prejudice is presumed). The Missouri Supreme Court, however, has made clear that an error under Rule 32.03 does not presume any prejudice to the defendant. See Moss, 10 S.W.3d at 514. The court has held that, while it "is reversible error for a trial judge to deny a timely filed Rule 32.03 motion....defendants are not presumptively prejudiced...by trial counsel's failure to file [the] motion." Id. at 513-14. The court noted that:

> Rule 32.03 does not create any presumption that a defendant cannot receive a fair trial in counties having seventy-five thousand or fewer inhabitants. It merely recognizes a defendant's ability to secure a fair trial in small counties is often contested and affords a defendant the right to change venue as a matter of convenience.

Id. at 513.

Although a properly preserved claim of error under Rule 32.03 would require reversal, a defendant's failure to object to the error prior to proceeding to trial will waive the defendant's right to a change of venue under the rule. See State v. Bradshaw, 81 S.W.3d 14, 27 (Mo. App. W.D. 2002). Under these circumstances, automatic reversal is no longer required, as the defendant is deemed to have waived his right to appeal the issue. Id. In Bradshaw, upon finding waiver, the court refused to review defendant's claim that he was denied his right to a change of venue. If the claim could be considered by the appellate court at all, it could be only for plain error review. See State v. Howard, 476 S.W.2d 587, 588 (Mo. 1972)(where defendant waived his contention that he was entitled to a change of venue as of course, there must be a showing that a fair and impartial jury was not empaneled, [in order to] set aside the conviction for plain error). Thus, Missouri case law clearly establishes that error under Rule 32.03 requires automatic reversal only if the defendant properly objected to and preserved the claim for appellate review.

The Court will first turn to petitioner's ineffective assistance of appellate counsel claim, as this is the claim that the magistrate judge found, relying on footnote 5 of the Missouri Supreme Court's opinion, to have merit. It is clear to the Court that, unless the language in footnote 5 alters the analysis in some way, petitioner's claim of ineffective assistance of appellate counsel would be without merit. Petitioner's trial counsel failed to object to the improper transfer prior to proceeding to trial. Therefore, petitioner's change of venue claim was, pursuant to Bradshaw, waived. Indeed, the Missouri Court of Appeals found that petitioner's failure to object in this case constituted waiver. See Matthews v. State, 2005 WL 464954 at *3 (Mo. App. E.D. 2005). Thus, appellate counsel would not have been able to raise the claim for appellate review, other than for possible plain error review. Even if the appellate court would have considered petitioner's claims under plain error review, petitioner would be required to show that he suffered "a manifest injustice of miscarriage of justice as a result of the alleged error." Bradshaw, 81 S.W.3d at 31. As the Missouri Supreme Court found, petitioner did not allege that his jury was unfair or biased in any way. There is no evidence "that a fair and impartial jury was not empaneled by the court". Howard, 476 S.W.2d at 588. Because petitioner's claim would have no merit on appeal, appellate counsel is not ineffective for failing to raise it.

Accordingly, petitioner's claim of ineffective assistance of appellate counsel must be denied unless the language in footnote 5 alters the Court's analysis in some way. In footnote 5, the Missouri Supreme Court wrote:

> Had this issue been raised in an application for an extraordinary writ at the time the case was transferred to District 1 at Palmyra, or had the issue been raised on direct appeal, the appellate court would have been compelled to enforce the nondiscretionary mandate of Rule 32.03 to have the case transferred to a different county.

Matthews v. State, 175 S.W.3d at 114, n.5.

The magistrate judge believed that this passage reflected the court's holding that petitioner's appeal would have been successful if appellate counsel had simply raised the issue. If the magistrate judge is correct in this interpretation, then the Court agrees that petitioner will succeed on his appellate claim. The Court, however, does not interpret the language in footnote 5 in the same manner as the magistrate judge. Instead, when viewing the Missouri Supreme Court's opinion as a whole, the Court believes that the purpose of footnote 5 was to distinguish the manner in which petitioner had raised the issue before the court, under an ineffective assistance of counsel standard, versus the manner in which petitioner *could have* had the issue reviewed had the issue been properly preserved at trial. In other words, the issue before the court was not a pure change of venue issue, but was an ineffective assistance of counsel issue.[6] In the situations described in footnote 5, where the pure change of venue issue is before the court, the appellate court would be obligated "to enforce the nondiscretionary mandate of Rule 32.03 to have the case transferred to a different county." Matthews, 175 S.W.3d at 114, n.5. This is not saying anything new, as Missouri courts had already held that, when properly preserved, error under Rule 32.03 requires automatic reversal without consideration of whether the defendant was harmed by the error. See Moss, 10 S.W.3d at 513 ("it is reversible error for a trial judge to deny a timely filed Rule 32.03 motion for change of venue"). In other words, in the instances described in footnote 5, a violation of the rule was, in and of itself, sufficient to require an appellate court to find in petitioner's favor.

---

[6]Indeed, immediately preceding the footnote, the court stated: "The trial court's failure to grant [petitioner] a proper change of venue, however, is not dispositive of the case. The present appeal relates to [petitioner's] claim of ineffective assistance of counsel."

In interpreting footnote 5 in a manner different than the magistrate judge, the Court notes that the Missouri Supreme Court, in the same opinion as the footnote, affirmed the motion court's denial of *all* of petitioner's claims, including petitioner's ineffective assistance of appellate counsel claim. It is true that the court did not explicitly discuss the appellate claim. Instead, the court centered its discussion entirely around petitioner's claim of ineffective assistance of trial counsel. However, the issue of ineffective assistance of appellate counsel was extensively briefed to the court by the parties. There is no reason for the Court to assume that the Missouri Supreme Court was unaware of petitioner's appellate claim, or that it was unaware of the inconsistency that would result from affirming the denial of petitioner's claims while, in a footnote, suggesting that one of petitioner's claims had merit. The Court believes that its interpretation of footnote 5 is consistent with the remainder of the Missouri Supreme Court's opinion.

Further, under the magistrate judge's interpretation of footnote 5, one would have to assume that petitioner did not waive his right to appeal the change of venue claim through his failure to object before trial. Although the Missouri Supreme Court did not discuss the waiver issue, the Court believes that the conclusion that petitioner did indeed waive his right to a change of venue is compelled by relevant case law. First, the Missouri Court of Appeals found that petitioner had waived the claim, and nothing in the Missouri Supreme Court's opinion casts doubt on that finding.[7] See Matthews, 2005 WL 464954 at *3 ("We agree that trial counsel's proceeding to trial without objection waived the claim"). Further, the Bradshaw decision had also held

---

[7]Upon finding waiver due to trial counsel's failure to object to the improper transfer, the Missouri Court of Appeals found that trial counsel was ineffective for failing to object. The Missouri Supreme Court disagreed with the ineffective assistance of counsel finding, but did not discuss the appellate court's finding that the issue had been waived.

-15-

that proceeding to trial without objection waived the issue for appeal. See Bradshaw, 81 S.W.3d at 27. At the time of petitioner's direct appeal, and at the time the Missouri Supreme Court denied petitioner's claims for post-conviction relief, the law in Missouri was settled that failure to object before trial would waive the defendant's right to a change of venue under Rule 32.03. Had the Missouri Supreme Court intended to overrule this settled case law, the Court does not believe it would have done so in a short footnote without explanation.

Further, in order for the magistrate judge's interpretation of the footnote to be consistent with the applicable case law concerning waiver is if the Missouri Supreme Court believed that, factually, petitioner's trial counsel did not fail to object to the improper change of venue. This position would not be supported by the record. In considering whether trial counsel was ineffective, the Missouri Supreme Court held that petitioner "did not plead any indication of actual prejudice stemming from his *[trial] counsel's failure to object* to the improper change of venue". Matthews, 175 S.W.3d at 115 (emphasis added). Clearly, the Missouri Supreme Court agreed that trial counsel had failed to object to the improper venue.

For these reasons, the Court does not believe that the language in footnote 5 alters the Court's analysis in any way. Because petitioner waived his right to the change of venue under Rule 32.03, appellate counsel was not ineffective for failing to raise the issue on appeal. Even if appellate counsel had raised the issue on appeal, there is not a reasonable probability that the result of the appeal would have been different. The issue would have been reviewed, if at all, under a plain error analysis. Given that petitioner has not shown that his ability to have a fair trial was prejudiced by the transfer of his case to a different district rather than to a different county, the

Court does not believe that petitioner would prevail on plain error review.[8] Respondent's objection to the magistrate judge's recommendation that a writ of habeas corpus be issued on petitioner's ineffective assistance of appellate counsel claim is sustained. Because the Court will not grant relief based on this claim, petitioner's objection that relief should consist of a new trial rather than a new appeal is overruled as moot.

However, the issue becomes whether trial counsel was ineffective for failing to object to the improper change of venue. Because error under Rule 32.03 does not presume prejudice, in order to bring the claim in the context of an ineffective assistance of counsel argument, petitioner must show that he was prejudiced by trial counsel's error. To do this, petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. Id. The Court agrees with the magistrate judge and the Missouri Supreme Court that petitioner has not established that trial counsel's objection would have changed the result of

---

[8]Petitioner cites State v. Cella, 976 S.W.2d 543 (Mo. App. E.D. 1998) for the proposition that an appellate court would have found plain error for the violation of Rule 32.03. The Cella decision revolves around a similar rule regarding an automatic right to a change of judge. See Rule 32.07. However, the decision to find plain error in Cella was based on the finding that, once the motion for a change of judge was filed, the judge was without jurisdiction to do anything other than transfer the case. Thus, the judge was disqualified and no longer had jurisdiction to preside over defendant's trial. Cella, 976 S.W.2d at 552. Here, there is no equivalent argument that the trial judge was disqualified or did not have jurisdiction over the trial. Further, plain error review was warranted in Cella because the issue was not presented in a motion for a new trial. Unlike in this case, the defendant in Cella did actually object to the denial of his motion for a change of judge. Therefore, waiver was not an issue in Cella. Further, Bradshaw (where waiver was an issue) was decided after Cella, and the Bradshaw court did not apply the plain error test upon a finding of waiver. Accordingly, because petitioner waived his right to a change of venue, it is likely that an appellate court would follow Bradshaw and deny petitioner's claim.

petitioner's trial. Petitioner has not alleged that anyone on his jury was biased against him or knew anything about him or the case before trial. It is true that, had trial counsel properly objected to the improper change of venue, the issue would not have been waived and could have been presented upon appeal. Because the issue would have been properly preserved, petitioner's appeal would have been successful. However, the relevant inquiry for an ineffective assistance of trial counsel claim is whether the result of the trial would have been different. The result of petitioner's trial was that he was convicted of two counts of felony drug distribution and sentenced to twenty-five years of imprisonment on each count, to be served consecutively. Petitioner has not alleged that the jury who convicted him of these counts was actually prejudiced against him in any way. There is no reason to believe that a jury in a separate county would have reached a different verdict. Therefore, because he has failed to establish prejudice, petitioner's claim of ineffective assistance of trial counsel is also without merit.

### III. Conclusion

Respondent's objection to the magistrate judge's recommendation that relief be granted on petitioner's ineffective assistance of appellate counsel claim, relating to change of venue pursuant to Rule 32.03, is sustained. Petitioner's objections to the Report and Recommendation are overruled in their entirety. Petitioner has not shown that the adjudication of his claims in state court was contrary to, or involved an unreasonable application of clearly established federal law. Nor has petitioner shown that the state adjudication was based on an unreasonable determination of the facts in light of the evidence presented. Federal habeas relief is not warranted.

Although the Court finds that habeas relief is not warranted, the Court recognizes that the resolution of petitioner's ineffective assistance of counsel claims,

as they relate to the change of venue issue, could potentially be "debatable among reasonable jurists" such that a certificate of appealability should issue on that issue alone. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Indeed, the issue has already been resolved differently by different jurists. The Missouri Court of Appeals held that petitioner's claims of ineffective assistance of trial and appellate counsel in connection with the change of venue issue should not have been dismissed without an evidentiary hearing. The Missouri Supreme Court disagreed. The magistrate judge, for whom the Court holds much respect, concluded that petitioner was denied effective assistance of appellate counsel. Clearly, the issue is one that is "debatable among reasonable jurists".

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Ecclesiastes M.D. Matthews for a writ of habeas corpus [#2] is **denied**.

**IT IS FURTHER ORDERED** that a certificate of appealability is issued solely on petitioner's claims of ineffective assistance of trial and appellate counsel as they relate to the issue of change of venue under Rule 32.03.

**IT IS FURTHER ORDERED** that, on all other grounds for relief, petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability as to those claims. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2009.